

# In the Court of Criminal Appeals of Texas

No. AP-77,093

RANDALL WAYNE MAYS, *Appellant*

v.

THE STATE OF TEXAS

On Appeal from the Denial of a Second Motion
To Determine Competency to be Executed
From Cause No. B-15,717 in the 392nd District Court
Henderson County

YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined.

Today, in a separate proceeding, the Court has granted relief on Appellant's claim of intellectual disability. *Ex parte Mays*, No. WR-75,105-02, at *5 (Tex. Crim. App. Mar. 27, 2024) (not designated for publication). Accordingly, the Court has reformed Appellant's death

sentence to a sentence of life without parole. *Id*. Because Appellant is no longer subject to the death penalty, the Court declares that this current review of the convicting court's denial of his motion challenging his competence to be executed, under Article 46.05 of the Texas Code of Criminal Procedure, is moot. Majority Opinion at 4; TEX. CODE CRIM. PROC. art. 46.05(*l*) (providing for this Court's review of a convicting court's determination with respect to competency to be executed).

In the separate subsequent post-conviction habeas corpus proceeding, I explained why I dissent to the Court's grant of relief on Appellant's claim of intellectual disability. *Mays*, No. WR-75,105-02 (Yeary, J., dissenting). And because I would not reform Appellant's death sentence to a sentence of life without parole, I cannot agree that his protest of the convicting court's adverse ruling on the motion challenging his competence to be executed is moot.

I would not dismiss the instant appeal on that basis. Instead, I would reach the merits of Appellant's appeal. Because the Court does not, I respectfully dissent.


**FILED:**                                              March 27, 2024
**PUBLISH**